A motion was made some days ago to remand this cause to the district court of Arapahoe county from whence it was re *69 moved. It appears that the action was brought against some twenty or more defendants, two of whom were served with process, and judgment rendered against them at the last term of the district court of Arapahoe county. These defendants appealed the cause to the Supreme Court of the state. Soon afterwards two other defendants were served, and they, upon certain petitions removed the case into this court. The petitions show that all the defendants, as well those against whom judgment was rendered as those making the application, and those who have not been served in the cause, are residents of other states, that is, not residents of Colorado; and the plaintiff is a resident or citizen of this state, so that as to the citizenship of the parties, the plaintiff is a citizen of this state, and the defendants are citizens of other states, and upon that it would seem to be a controversy between citizens of different states, all of the defendants differing in their citizenship from the plaintiff; and it would seem also that the application for removal to this court is made under the last clause of section 2 of the act of 1875. That clause is, that in any suit mentioned in the section, if there shall be a controversy which is wholly between citizens of different states, that can be fully determined as between them, then one or more of the plaintiffs or defendants actually interested in such controversy, may remove the cause to the circuit court; that is, all the defendants being citizens of states other than that of which the plaintiff is a citizen, the application may be made by one or more of them, and upon such application, if the cause is in condition to be removed, the removal may be had without the concurrence of others of the defendants.
But there seems to be a difficulty as to the condition of the case. As stated before, judgment has been rendered as to two of the defendants, and they have taken an appeal to the Supreme Court of the state. As to them, the cause is not in a condition for removal, because it has passed to an appellate tribunal, and the rule is, that the removal must be had before the trial of the cause. As to the other defendants in the cause, those who have been served and made this application for removal, and those who have not been served, the cause is in a condition for removal. But the controversy which is mentioned in this section is regarded by the court as an entire thing; that is to say, the controversy is between the plaintiff and all these defendants; and it stands *70 now in this attitude, that the controversy as to two of the defendants is pending in the Supreme Court of the state, and as to the others, in the district court of the state, and it cannot be removed at all, unless it be removed as to all. We must have the whole of it, if we are to have any, and because as to two of the defendants it is not removable, for that reason it is not removable as to any. We have heretofore held that in a cause in which judgment has been rendered against some of the defendants, and no appeal taken by those defendants from the judgment, that as to those defendants the controversy is ended, and so far as it is still an existing controversy standing between the plaintiff and those who still contest the right of the plaintiff, it may be removed into this court. But that is not the position of this case. The controversy is still going on, still waged between the plaintiff and the defendants against whom judgment has been taken, as well as against those against whom no judgment has been taken.
If we consider further the attitude of the case in the state court, and the position of thsee parties who have been brought in, the reason for this conclusion will be more apparent. This writ which has been issued is in the nature of a writ of scire facias, and it is to make the other parties, the persons served, parties to the judgment which has been rendered against the two defendants, and from which an appeal has been taken. If it should result in the Supreme Court of the state that this judgment should be reversed, there would be no ground of proceeding against these parties who are now served, because they are to be made parties to the judgment which is already of record in the district court of the state. If that judgment should be removed by the action of the Supreme Court of the state, there would be no basis for proceeding against these defendants. This proceeding stands upon the theory that there is a judgment in the district court of the state to which these persons are to be made parties, and if that judgment should be reversed or set aside, there could be no proceeding against them. Of course we cannot be put in the position of having a suit here which will be subject to the contingency of reversal of the judgment of the district court of the state.
The cause will be remanded according to the motion.